UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED

AUG 1 4 2024

U S DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES OF AMERICA,     )
                              )
          Plaintiff,          )
                              )
v.                            )
                              )     No.
LEE ANTHONY BOGAN JR.,        )
                              )
          Defendant.          )     **4:24-cr-407-HEA/JMB**

## INDICTMENT

### COUNT I

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1.  Federal law defined the term

(a)  "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(1));

(b)  "sexually explicit conduct" to mean actual or simulated--

(i)  sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

(ii)  bestiality,

(iii)  masturbation,

(iv)  sadistic or masochistic abuse, or

(v)  lascivious exhibition of the genitals or pubic area of any person (18 U.S.C. §2256(2)(A));

(c)  "visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data

1

which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format (18 U.S.C. §2256(5));

(d)     "computer" to mean an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device.  (18 U.S.C.§ 2256(6));

(e)     "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

(A)     the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

(C)     such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C.§2256(8)).

2.     The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer, and receive graphic files.

3.     On or between March 1, 2024, and March 26, 2024, within the Eastern District of Missouri and elsewhere,

**LEE ANTHONY BOGAN JR.**,

the defendant herein, did use a facility and means of interstate and foreign commerce to knowingly attempt to persuade, induce, entice, and coerce Juvenile 1, who had not attained the age of 18 years to engage in sexual activity for which any person can be charged with a criminal offense, namely: receipt of child pornography in violation of Title 18, United States Code, Section 2252A(a)(2);

2

solicitation of child pornography in violation of Title 18, United States Code, Section 2252A(a)(3)(B).

In violation of Title 18, United States Code, Section 2422(b).

## COUNT II

The Grand Jury further charges that:

1. The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

2. Between on or about March 1, 2024, and on or about March 26, 2024, within the Eastern District of Missouri and elsewhere,

**LEE ANTHONY BOGAN JR.**,

the defendant herein, did by means of interstate commerce, knowingly attempt to transfer obscene matter to Juvenile 2 who had not attained the age of 16 years, knowing that the other individual had not attained the age of 16 years.

In violation of Title 18, United States Code, Section 1470.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 2428 and 1467, upon conviction of an offense in violation of Title 18, United States Code, Section 2422, as set forth in Count I, and Title 18, United States Code, Section 1470 as set forth in Count II of the Indictment, the defendant shall forfeit to the United States of America any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense[s] and any property,

real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense.

2. Specific property subject to forfeiture includes, but is not limited to,

a. Samsung Galaxy A03 cellular phone.

3. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
NATHAN L. CHAPMAN, #60978MO

4