## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MISSOURI
## EASTERN DISTRICT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: 4:24-CR-00407-HEA |
| | ) | |
| vs. | ) | |
| | ) | |
| LEE A. BOGAN, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S SENTENCING MITIGATION MEMORANDUM

COMES NOW the Defendant, Lee Anthony Bogan Jr., by and through undersigned counsel, and respectfully submits this Sentencing Mitigation Memorandum in advance of sentencing. Mr. Bogan accepts responsibility for his conduct and respectfully requests that this Court impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

### I. INTRODUCTION

Mr. Bogan stands before the Court as a first-time federal offender. He acknowledges the seriousness of the charged conduct and expresses genuine remorse. He does not minimize the offense, nor does he seek to excuse his behavior. Rather, he asks the Court to consider the totality of his life history, demonstrated structure, rehabilitative efforts, family responsibilities, and amenability to treatment when fashioning an appropriate sentence.

This case involves online conduct charged under federal statutes including 18 U.S.C. §§ 2422(b), 1470, and 2252A

While serious, the conduct occurred within a discrete time frame and represents an aberration from an otherwise law-abiding and achievement-oriented life.

## II. HISTORY AND CHARACTERISTICS OF THE DEFENDANT

### A.      No Prior Criminal History

Mr. Bogan has no prior convictions and falls within Criminal History Category I. He has lived the vast majority of his life without any involvement in the criminal justice system. This lack of prior history is not incidental—it reflects decades of lawful conduct and community integration.

### B.      Educational and Athletic Achievement

Mr. Bogan has demonstrated discipline and sustained achievement:

- Honor roll and principal's honor roll student
- Four years of collegiate attendance
- Collegiate athletic participation supported by scholarship records
- Lincoln College Student Account
- All-State basketball recognition
- Two-time state champion
- Five-time conference champion

Athletics at that level require structure, accountability, and adherence to rules—traits inconsistent with a high likelihood of recidivism.

## C.   Employment and Vocational Development

Mr. Bogan has worked as an insurance agent, a roof consultant and truck driver. He has pursued a CDL licensure and has enrolled in technical performance programs. These pursuits demonstrate forward-looking vocational planning and employability.

## D.   Faith and Community Involvement

Prior to this offense, Mr. Bogan was actively engaged in his faith and community altar service, choir participation, church retreats, highway cleanup initiatives, food and toy drives, lupus awareness events and half-marathon participation. These activities reflect meaningful community engagement rather than superficial affiliation.

## E. Family Responsibilities

Mr. Bogan is a new father and part of a military family household. While family status does not excuse criminal conduct, the Court may consider the impact of incarceration on dependent family members. Mr. Bogan expresses a sincere desire to be a responsible father and stable presence in his child's life.

## III. ACCEPTANCE OF RESPONSIBILITY AND REMORSE

Mr. Bogan has accepted responsibility for his conduct. He understands that the charged conduct was wrong and harmful. He does not shift blame.

He has voluntarily begun therapy and is willing to comply with:

- Sex-offender-specific treatment
- Computer monitoring
- Internet restrictions
- Polygraph testing
- Intensive supervised release conditions

His willingness to submit to structured supervision and treatment significantly reduces future risk.

## IV. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE

The Court is aware of the seriousness of the allegations under the charged statutes Bogan Information-Federal. The defense does not dispute that these offenses carry grave concern.  However, the conduct

- Occurred within a limited time period;
- Did not involve physical contact;
- Did not involve prior similar conduct;
- Did not involve a pattern of prior exploitation history.

This distinction is relevant to assessing risk, punishment, and proportionality.

## V. THE PURPOSES OF SENTENCING

A sentence should reflect seriousness without exceeding what is necessary to accomplish statutory goals.  General deterrence is achieved through conviction and public prosecution. Specific deterrence is strongly supported here by:

- First-time offender status
- Public consequences
- Family impact
- Treatment engagement

There is no history of violence or prior sexual misconduct. Structured supervision, mandatory treatment, and technology monitoring will adequately protect the public.  This is the factor most strongly implicated. Mr. Bogan is young, educated, employable, amenable to treatment and motivated by fatherhood  Extended incarceration may not meaningfully enhance rehabilitation beyond structured supervision and treatment.

## VI. THE GUIDELINES ARE ADVISORY

The Supreme Court has made clear that the Sentencing Guidelines are advisory, not mandatory. This Court has discretion to vary downward when the §3553(a) factors justify a lesser sentence.

Federal courts have recognized that certain guideline enhancements in online-offense cases may apply broadly and do not always distinguish between varying degrees of culpability.

The Court must impose a sentence sufficient, but not greater than necessary.

## VII. PROPOSED SENTENCING STRUCTURE

The defense respectfully requests that the Court consider:

1. Probation or sentence at the low end of the advisory guideline range, or

2. A downward variance where legally permissible;

3. A robust supervised release term including:

   - Sex offender treatment
   - Computer monitoring
   - Employment conditions
   - Community reintegration structure

This framework promotes accountability, deterrence, and public safety without imposing unnecessary incarceration.

## VIII. CONCLUSION

Mr. Bogan stands before the Court ashamed of his conduct and committed to reform. His life history reflects structure, achievement, and community engagement. His lack of criminal history, acceptance of responsibility, rehabilitative steps, and family responsibilities strongly support a sentence tailored to rehabilitation and structured supervision.

For the foregoing reasons, the Defendant respectfully requests that this Court impose a sentence sufficient, but not greater than necessary, under 18 U.S.C. § 3553(a).

Respectfully Submitted,

Herman L. Jimerson, 33824MO
Jimerson Law Firm, P.C.
225 S. Meramec, Suite 508
St. Louis, Missouri 63105
314-862-0069 (Phone)
314-887-1011 (Fax)
herman@jimersonlawfirm.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the _15th_ day of April 2026 a true and accurate copy of the foregoing was filed with the Court's electronic filing system and thereby served to all parties of record.

/s/Herman L. Jimerson